U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-04990

ADVERSARY PROCEEDING NO: 08-80249

ORDER DISMISSING COMPLAINT

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/07/2009**



US Bankruptcy Court Judge
District of South Carolina

Entered: 04/07/2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Cynthia Denise Kennedy,<br>　　　　　　　　　　　　Debtor.<br><br>Cynthia Denise Kennedy,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CitiBank South Dakota, NA,<br>　　　　　　　　　　　　Defendant. | C/A No. 08-04990-dd<br><br>Adv. Pro. 08-80249-dd<br><br><br><br>**ORDER**<br><br>Chapter 7 |

　　　　THIS MATTER is before the Court on the complaint of Cynthia Denise Kennedy (Debtor) seeking a declaratory judgment that a judgment by Citibank South Dakota NA (CitiBank) against Debtor does not create a lien on her real or personal property. CitiBank has not filed an answer to the complaint. The Clerk of this Court has entered CitiBank's default and Debtor has filed a motion for default judgment. Because the second attempt at service of process on CitiBank failed, the complaint is dismissed. The Court, without a hearing and based on the record, makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.[1]

FINDINGS OF FACT

　　　　Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 20, 2008. She filed schedules with the petition indicating that she owned no real estate, that she owned minimal personal property (all of which was categorized as unencumbered and claimed as exempt), and that all of her creditors were unsecured. Bank of America was scheduled as an unsecured creditor with a claim based on a November, 2006 judgment. An

attorney and LVNV Funding LLC were also listed in the schedules for notice purposes relating to the Bank of America judgment.[2] An unsecured claim of CitiBank (with no notation as to the consideration for the claim) was listed in the schedules under the creditor name "CitiBank / Choice" with additional notice provided to an attorney.

This adversary proceeding, seeking a declaratory judgment, was initiated on December 17, 2008. The Debtor seeks a determination that Code of Laws of South Carolina §§ 15-35-810, 15-39-20 and 15-39-100 do not create a lien on property of Debtor since at the time of the judgment and at the time of the bankruptcy petition the Debtor owned no real estate and no levy on personal property had taken place. The Clerk of Court issued a summons and Debtor's counsel filed a certificate of service on December 30, 2008, claiming service by mailing the summons and complaint "to Amy B. Strawser, Attorney for CitiBank, South Dakota, N.A. 5821 Fairview Road, Suite 100, Charlotte, NC 28209, on the 30th day of December, 2008." On February 4, 2009, when no answer or other responsive pleading and no motion for default was filed, this Court entered an order requiring the submission of an affidavit of default and proposed order, a settlement order, a certification that an extension of time to responsively plead had been granted, or some other explanation for the absence of an answer.

On February 5, 2009 the Debtor, by counsel, submitted an affidavit of default and a motion for judgment. The Clerk of Court entered CitiBank's default on February 6, 2009 and a proposed order was routed to chambers for consideration. Counsel for Debtor was then notified that service of process appeared to not be proper and that a request for a reissued summons should be considered. The Clerk of Court, on request of counsel, reissued the summons and a

---

[1] Further reference to the Federal Rules of Bankruptcy Procedure will be by rule number only.
[2] The Bank of America judgment was the subject of a separate adversary proceeding, 08-80191. No relief was granted in that case as to Bank of America based on a failure of service and because no allegations were stated in the complaint concerning Bank of America.

certificate of service was filed on February 27, 2009. The certificate of service reflects mailing of the "reissued Summons dated February 19, 2009 and Complaint, dated December 17, 2008, via Certified Mail, postage pre-paid, on the 20th day of February, 2009, on the below named Defendants:

CitiBank South Dakota NA
Attorney or Manager
PO Box 6500
Sioux Falls SC (sic) 57117

Amy B. Strawser, Esquire
For CitiBank South Dakota NA
5821 Fairview Rd., Ste 550
Charlotte NC 28209"

No responsive pleading was filed. An affidavit of default and motion for default judgment were filed with the Court on April 3, 2009.

## CONCLUSIONS OF LAW

No opposition has been raised to Debtor's motion for a default judgment. Perhaps this is a natural consequence of deficient service or perhaps the Defendant actually received the summons and complaint and does not dispute Debtor's entitlement to relief. Nevertheless, three matters must be noted: first, service on CitiBank, even if otherwise proper, was directed to the wrong state; second, service on CitiBank was not otherwise proper; and third, the absence of opposition does not relieve the Court of the duty to ensure that relief is afforded a plaintiff only after due process and proper notice. *In re Lancaster,* 2003 WL 109205 (Bankr. D. Idaho), *GMAC Mortgage Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 662 (9th Cir. BAP 1999).

Rule 7004 provides for service of a summons and complaint in an adversary proceeding. In addition to those methods of service provided by Fed. R. Civ. P. 4, Rule 7004 provides for service by first class mail on a broad range of defendants. Rule 7004 provides a "comparatively

lenient" method of service of process in bankruptcy cases. *Ultrasonics, Inc. v. Eisberg (In re Ultrasonics, Inc.)*, 269 B.R. 856, 861-2 (Bankr. D. Idaho 2001). Because the method of service is not burdensome, it is all the more important to strictly comply with service requirements. The parties are entitled to notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

CitiBank is an insured depository institution.[3] The Bankruptcy Rules provide the following for service of a summons and complaint on this category of defendant:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Rule 7004(h). Service of process in this instance does not fall within the exceptions to the rule and must therefore be by certified mail addressed to an officer[4].

Debtor attempted to serve CitiBank, twice, through an attorney. This attorney has not made an appearance in the bankruptcy case. The Court is left to speculate that this may be the attorney who appeared for CitiBank in the state court litigation that gave rise to the judgment described in the complaint. Service of process on an attorney for a party is permissible in limited

---

[3] http://www2.fdic.gov/idasp/main_bankfind.asp (April 7, 2009)

[4] Without deciding the issue, the Court notes the split of authority on whether the summons and complaint must be directed to a named officer or to an office. *See Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453 (Bankr. E.D. Va. 1995), *But cf. Fleet Credit Card Services, L.P. v. Tudor (In re Tudor)*, 282 B.R. 546, 550. My colleague, Judge Waites, opined that the stricter view is a better interpretation of the rule. *See Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.)* 249 B.R. 112, 118 fn4.

circumstances; but not this one. *See In re Rae*, 2002 WL 31846211 (Bankr. N.D. Ill.), *Lancaster*, *Citicorp Mortgage Inc. V. Brooks (In re Ex-Cel Concrete Co.)*, 178 B.R. 198, 203-4 (9th Cir BAP 1995). Additionally the Court notes the discrepancy in the attorney's suite number in the mailing addresses.

Debtor attempted to serve CitiBank by certified mail directed to an "Attorney or Manager." The rule requires service on an officer. Service under Rule 7004(h) directed to a person other than an officer is not proper. *See Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342 (4th Cir. 2003) (certified mail directed to registered agent does not comply with requirement to serve an officer). Finally, according to the certificate of service, the mailing was directed to an address in South Carolina, not South Dakota. Thus, service of process in this adversary proceeding fails for a number of reasons.

Debtor was previously afforded an opportunity to correct the deficiency in service but failed to properly serve CitiBank a second time. This adversary proceeding is dismissed for failure to prosecute.

AND IT IS SO ORDERED.


April 7, 2009
Columbia, SC